Helen **CRADDOCK**, Plaintiff–Appellant,

v.

The **STATE BOARD FOR COMMUNITY COLLEGES AND OCCUPATIONAL EDUCATION**, Defendant–Appellee.

and

Curtis W. **BUCHHOLTZ**, Jeff Guilmette, and Jack Piazzisi, Plaintiffs–Appellees,

v.

The **STATE BOARD FOR COMMUNITY COLLEGES AND OCCUPATIONAL EDUCATION**, Defendant–Appellant.

Nos. 85CA1696, 86CA1492.

Colorado Court of Appeals, Div. I.

June 2, 1988.

Rehearing Denied June 30, 1988.

Certiorari Denied Feb. 21, 1989.

Skaalerud & Price, George C. Price, Gregory J. Lawler, Denver, for plaintiff-appellant and plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ellen McEldowney, Louis Whitsett, Jill M.M. Gallet, Asst. Attys. Gen., Denver, for State Bd. for Community Colleges and Occupational Educ.

PIERCE, Judge.

In this consolidated case, plaintiff Helen Craddock appeals the district court order affirming the termination of her employment at a state college. The State Board for Community Colleges and Occupational Education (the board) appeals the district court reversal of the terminations of plaintiffs Curtis W. Buchholtz, Jeff Guilmette, and Jack Piazzisi. We affirm as to plaintiff Craddock and reverse as to the other plaintiffs.

Plaintiffs were faculty members at colleges subject to the board's jurisdiction. In November and December 1983 the respective college presidents sent plaintiffs notices that their contracts would be terminated because of reductions in force. The board formally approved the reductions in February and April 1984. Plaintiffs pursued their full hearing and review rights, and the board upheld the terminations.

The district court affirmed plaintiff Craddock's termination, and she appeals. In a separate proceeding, the district court reversed the others' terminations on grounds that the initial step in the reduction in force was a non-delegable duty of the board and the college president's notices were improper. The board's appeal of that ruling is consolidated here with plaintiff Craddock's appeal.

I.

We agree with the board that the notices were not improper.

Section 23-10-203(1)(c), C.R.S. (1987 Cum.Supp.) states that the "institution" may give notice of a reduction in force based on reduced appropriations. However, § 23-10-203(2), C.R.S. (1987 Cum. Supp.) states that "[a]ny reduction in force shall be effected in accordance with section 23-10-202," and that section requires that the board give the termination notice.

In resolving these conflicting provisions for notice, we must read the statute as a whole so as to give effect to the legislative intent. Sections 2-4-201 and 2-4-202, C.R. S. Further, if there is an irreconcilable conflict between special and general provisions, the special provision should prevail as an exception to the general provision. Section 2-4-205, C.R.S.

Here, we conclude that, for a reduction in force based on reduced appropriations, the specific requirement in § 23-10-203(1)(c) for notice from the institution prevails over the general requirement in § 23-10-202 that the board give termination notices. Therefore, the presidents' notices were adequate here.

We also agree with the board that there was no impermissible delegation to the presidents. The board retained its authority over the process and ratified and approved the reductions in force, so that no authority was delegated. *Cf. Van Pelt v. State Board for Community Colleges & Occupational Education*, 195 Colo. 316, 577 P.2d 765 (1978) (hiring of teacher was subject to board approval). We also note that § 23-5-117, C.R.S., enacted in 1985,

now expressly allows the board to delegate personnel matters to the college presidents.

## II.

As to the procedure followed in her termination, Craddock contends that the board should have considered evidence offered for the first time at the appeal hearing, the hearing officer should have recused himself, and a formal attrition study was required before the reduction in force. We find no merit in these arguments and also note that the record does not show that the recusal issue was preserved for review.

Craddock further contends that the grounds for her termination were not proven. We disagree. The district court properly concluded that the evidence supported the board's findings and that the correct legal principles were applied. We will not disturb that ruling. *See Ricci v. Davis*, 627 P.2d 1111 (Colo.1981).

The order concerning plaintiff Craddock is affirmed. The order concerning the other plaintiffs is reversed.

TURSI and PLANK, JJ., concur.